Opinion by
Watts, J.
§ 807. Pasture and turf; measure of damage for destruction of and injury to, by fire; case stated. Appellee recovered judgment against appellant for $300 for injury caused his pasture land by fire from appellant’s engine. The elements of damages claimed were the destruction of the growing grass, then about matured and in a condition to be mowed; the destruction of growing timber and injury to the land by reason of the partial destruction of the roots of the grass, occasioned by the burning at that particular season of the year. The case as made by appellee was about this: he had reserved the particular land as a meadow to be used in connection with his farm; at the time of the burning there was a fine coat of matured grass upon the land, then in a condition to be mown; the land was well set with grass; the sod or turf being such as to prevent the growth-of weeds. He claims that the effect of the burning was not only to destroy the growing grass, but also to destroy about two-thirds of the turf, by reason of which a great many weeds sprang up and are growing upon the land, while the grass has come up sparsely; that by reason of this the land is unfit for pasture, nor can the grass upon it be mowed; that it will require from three to six years for the grass to be reset and the sod restored in as good condition as it was before the fire. This appeal involves the question as to the correct rule for measuring the damages in such cases. It seems that the grass then growing upon the land was considered by the court and the parties as personal property, distinct and separate from the realty, and was sought to be valued as such. The court, in effect, instructed the jury that appellee would be entitled to the market value of the grass as it stood immediately preceding the fire, “and also an amount that *711 will compensate him for the injury done to the land by the fire, and also for damages done to the timber by said fire.” The instructions asked by appellant and refused by the court were to the effect that the measure of damages would be the market value of the grass as it stood, and as to the land, the difference in its value before and after the fire. From the allegations in the petition and the evidence, the grass destroyed was the natural and spontaneous production of the soil, and was not an.annual production raised “by the manurance and industry of man.” It is denominated by counsel “common Texas free grass.” Without one single exception, so far as we have been able to ascertain, the authorities agree that, until severed from the land, either in fact or in contemplation of law, such grass is part and parcel of the realty. As said in Freeman on Executions, § 118, “But the general rule undoubtedly is, that growing trees, fruit or grass, the natural produce of the earth, and not annual productions raised by manurance and industry of man, are parcel of the land itself, and not chattels.” In support of the proposition the author cites a number of cases both English and American. In Stearns v. Washburne, 7 Gray, 188, which was a suit on account for grass, the court said: “ Until severed, the grass was not personalty, not goods or chattels, but was part of the realty, and remained the property of the plaintiff.” [Citing Claflin v. Carpenter, 4 Met. 582; Lewis v. Culbertson, 11 S. & R. 48; Waddington v. Bristow, 2 Bos. & Pul. 455; Crosby v. Wardsworth, 6 East, 610; Evans v. Roberts, 5 B. & C. 832; Whitemarsh v. Walker, 1 Met. 315; Miller v. Baker, id. 33.] Mr. Jones, in his work on Chattel Mortgages, § 145, says that “Growing trees, fruit and grass, which are the natural product of the earth, growing spontaneously and without cultivation, are parcel of the land, and, as part of it, descend writh it. to the heir.” A citation of authorities will not be further extended, for they are innumerable and are all concurring.
Evidently, at the time of the fire, the grass had not in *712 fact been severed from the land. Nor is there anything in the record from which it can be assumed that such severance had been made in contemplation of law. Hence it must be considered and treated as part, and parcel of the land. This is a suit arising out of trespass, and undoubtedly, if the case is sustained by the evidence, the damages awarded ought to be such as will adequately compensate the appellee for the injury and loss actually sustained by him. Now the rule for measuring damages which will produce that result, and which is capable of practicable application without leading to injustice or confusion, is evidently the true rule; the. primary object being to award compensation and nothing more. It appears that the land had been reserved and was used by appellee as a meadow, and as thus used its utility consisted in the spontaneous and natural yield or growth of the grass, whether devoted to making hay or grazing stock, or partly to both. To the extent, therefore, that the grass had been destroyed by fire, the meadow, as such, was no longer of immediate utility to the owner; and its subsequent usefulness as a meadow depended upon the restoration of the sod or turf to the extent it had been destroyed, and the recuperation and growth of the grass. Considering the purposes to which the owner had demoted the land, the difference in its value immediately preceding and immediately after the fire would be the correct rule for measuring the damages, and, if properly applied, would yield just and adequate compensation for the injury. Of course the application of this rule involves a consideration of the actual value of the grass as it was before the fire, and also the amount of loss or injury resulting from the partial destruction of the sod or turf. In case of loss or destruction of property, the primary object is to ascertain its actual or intrinsic value, as distinguished from its special or particular value to the owner. And if it has a market value, resort is had to that as a means of establishing its actual or intrinsic value. This rule, however, is not so *713 inflexible as to require the supposititious conversion of the raw material into marketable property, so as to establish its supposed market value, and then deduct therefrom the supposed cost of such conversion. But the actual value may be established directly by the evidence of persons who have sufficient experience to speak with reference to the matter. With respect to the injury resulting from the partial destruction of the sod, consideration should be given to all the facts and circumstances in evidence tending to show any diminished capacity of the land to yield its usual and ordinary amount of grass, and also the increase of the grass from year to year until the sod would be fully restored. There may be a want of certainty in the application of this feature of the rule, arising out of the nature of the subject-matter, but appellant will not be heard to complain of this, for if the trespass upon its part is established, it can be replied that appellee did not make the case; it was made without his consent, and in recovering compensation he is compelled to grapple with the case as made for him. [Gilbert v. Kennedy, 21 Mich. 117.] But upon a consideration of all the evidence, the jury should, in the exercise of a sound and discriminating judgment, award just and adequate compensation and nothing more. If any growing timber was destroyed by fire, as claimed, the jury, in awarding compensation, should also take that loss into consideration. In our opinion, the court failed to submit to the jury the correct rule for measuring the damages.
April 29, 1885.
Reversed and remanded.